UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHTON TUGGLE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:16-cv-01713-JMS-MPB |
| USA, | ) ) ) |
| Respondent. | ) ) |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

Petitioner Ashton Tuggle filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his convictions are unconstitutional. For the reasons stated below, the motion for relief is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.*

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition and direct the clerk to notify the moving party." Section 2255 permits a federal court to grant relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

Tuggle filed a pro se a motion to vacate his conviction under *Johnson*. The Court appointed counsel for him, but counsel has since withdrawn. Tuggle was then given a lengthy period to file a brief in support of his motion to vacate. The deadline has passed, and he has failed to do so.

Tuggle's motion states that his conviction under 18 U.S.C. § 924(c) for brandishing a firearm during a "crime of violence" is invalid in light of *Johnson*. Specifically, the predicate "crime of violence" to support his conviction was bank robbery, 18 U.S.C. § 2113(a), and he argues that bank robbery no longer constitutes a crime of violence under *Johnson*.

After Tuggle filed his § 2255 motion, the Seventh Circuit held that *Johnson*'s holding extends to and therefore invalidates the residual clause in § 924(c), meaning § 924(c) convictions predicated on a crime of violence under § 924(c)'s residual clause are invalid. *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague."). But the Seventh Circuit has also held that bank robbery constitutes a crime of violence under § 924(c)'s force clause. *United States v. Williams*, No. 16-3373, 2017 WL 3186297, at *4 (7th Cir. July 27, 2017); *cf. United States v. Armour*, 840 U.S. 904 (7th Cir. 2016) (attempted bank robbery is a crime of violence under § 924(c)'s force clause). Therefore, even though the Seventh Circuit has recognized the invalidity of § 924(c)'s residual clause, bank robbery remains a crime of violence under § 924(c)'s force clause, and Tuggle's conviction under § 924(c) remains valid. For this reason, he is not entitled to habeas relief.

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:13-cr-105-JMS-DKL-1.** Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court

finds that Tuggle has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/14/2017

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ASHTON TUGGLE
11342-028
BIG SANDY - USP
BIG SANDY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2068
INEZ, KY 41224

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov